AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Southern District of Texas

United States Courts
Southern District of Texas
FILED

*July 13, 2026*

| United States of America | ) | Nathan Ochsner, Clerk of Court |
|---|---|---|

v.

Brad Carlton Keeney

Case No. **4:26-mj-459**

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ July 03, 2026, _____ in the county of _____ Harris _____ in the _____ Southern _____ District of _____ Texas _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 49 U.S.C. § 46307 | Violating National Defense Airspace |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Chase Mills, Special Agent
_____
*Printed name and title*

Sworn to me and signed in telephonically.

Date: _____ July 13, 2026 _____

_____
*Judge's signature*

City and state: _____ Houston, Texas _____

Richard W. Bennett, U.S. Magistrate Judge
_____
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Chase Mills, having been duly sworn, do declare and state the following:

### INTRODUCTION AND AGENT BACKGROUND

1.      I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI) and have been since June 2022. I am currently assigned to the FBI's Houston Division. As a SA, I am charged with the duty of investigating violations of the laws of the United States, collecting evidence in cases in which the United Sates is or may be a party of interest, and performing other duties imposed by law. In joining the FBI as a SA, I initially spent five months at the FBI training academy in Quantico, Virginia, where I received training in a variety of investigative and legal matters, including criminal procedure and search and seizure, probable cause, and crimes involving aircraft. I have had extensive training in many methods used to commit criminal acts contrary to United States law, including violations of Title 49, United States Code, Section 46307.

2.      I make this affidavit in support of a summons for Brad Keeney (KEENEY).

3.      Based on the facts set forth in this affidavit, I submit there is probable cause to believe that KEENEY violated Title 49, United States Code, Section 46307 by knowingly and willfully violating national defense airspace, that is, flying an Unmanned Aircraft System (UAS) within a Temporary Flight Restriction (TFR) zone.

4.      The information contained in this affidavit is based upon my personal knowledge, as well as knowledge, information and documentation that I obtained from other law enforcement officers who have first-hand knowledge of the events described herein. Because this affidavit is submitted for the limited purpose of establishing probable cause, it does not contain all the information known to me concerning this investigation but contains only facts necessary to establish probable cause for the instant request.

1

## DEFINITIONS

5.    Title 14 ("Aeronautics and Space"), Code of Federal Regulations, Section 1.1 defines the following terms used in this affidavit:

a.   "Aircraft" means a device that is used or intended to be used for flight in the air.

b.   "Unmanned aircraft" means an aircraft operated without the possibility of direct human intervention from within or on the aircraft.

c.   "Small unmanned aircraft" means an unmanned aircraft weighing less than 55 pounds on takeoff, including everything that is on board or otherwise attached to the aircraft.

d.   "Small Unmanned Aircraft System" (small UAS) means a small unmanned aircraft and its associated elements (including communication links and the components that control the small unmanned aircraft) that are required for the safe and efficient operation of the small unmanned aircraft in the national airspace system.

## BACKGROUND AND APPLICABLE LAW

6.    The Federal Aviation Administration (FAA) is an agency within the United States Department of Transportation responsible for the control and use of navigable airspace within the United States. The FAA created the National Airspace System (NAS) to protect persons and property on the ground, and to establish a safe and efficient airspace for civil, commercial, and military aviation. In the FAA Modernization and Reform Act of 2012, the FAA was charged with safely integrating UAS, commonly referred to as "drones," into the NAS.

7.    The FAA offers a Remote Pilot Certificate program (Title 14 - Part 107), which is designed to establish an individual's understanding of the regulations, operating requirements, and procedures for safely flying drones. To obtain the Remote Pilot Certificate,

2

the individual must pass an aeronautical knowledge test that covers, among other topics, airspace classification and operating requirements, and flight restrictions affecting small unmanned aircraft operation. All individuals flying with the intention of being monetarily compensated are required to have a current Part 107 Certificate.

8. Title 49, United States Code, Section 44809(a)(7), exception for limited recreational operations of unmanned aircraft, requires the operator of a small UAS pass an aeronautical knowledge and safety test and maintain proof of test passage to be made available to the Administrator or law enforcement upon request. To satisfy this requirement, the FAA developed The Recreational UAS Safety Test (TRUST), which provides education and testing on important safety and regulatory information. Individuals flying a small UAS recreationally under the exception for recreational flyers must pass this test before flying.

9. Title 49, United States Code, Section 40103(b)(3) requires the Administrator of the FAA, in consultation with the Secretary of Defense, to establish areas in the airspace the Administrator decides are necessary in the interest of national defense; and by regulation or order, restrict or prohibit flight of civil aircraft that the Administrator cannot identify, locate, and control with available facilities in those areas. A TFR is a regulation that temporarily restricts certain aircraft from operating within a defined area in order to protect persons or property in the air or on the ground.

10. Pursuant to § 40103(b)(3), between June 9 and July 19, 2026, the FAA issued a TFR that prohibited all unmanned aircraft from operating within the defined geographical zone within Houston, TX without prior approval from the FAA.[1] Pursuant to § 40103(b)(3), the FAA

---

[1] This TFR, and other TFR's, were issued as part of a comprehensive security complement designed to protect and secure the events leading up to and including Houston, TX, hosting the 2026 FIFA World Cup. This particular TFR prohibited all UAS flight operations within a one

classified the airspace within this TFR as "National Defense Airspace" in NOTAM (written notification) 6/6447.

11.     Title 49, United States Code, Section 46307 prohibits a person from knowingly or willfully violating 49 U.S.C. § 40103(b)(3), or a regulation prescribed or order issued under § 40103(b)(3).

## FACTS ESTABLISHING PROBABLE CAUSE

12.     On or about July 03, 2026, at approximately 12:10 p.m. Central Standard Time (CST), the FBI Houston Counter-UAS Task Force (CUTF) used UAS Remote Identification (RID) and Radio Frequency (RF) detection and mitigation equipment to locate a small UAS flying in the vicinity of 638 Nagel Street, Houston, TX 77003. The Counter-UAS (C-UAS) equipment identified the RID assigned to the small UAS as 3N3BJCB0120197 (RID#0197) and the make/model as DJI Mavic Air 2. The C-UAS equipment detected RID#0197 was in flight for approximately two minutes and reached an estimated altitude of 150 FT AGL. At approximately 12:14 p.m. CST, a small UAS was observed flying in the vicinity of 638 Nagel Street, Houston, TX 77003, an area within the boundaries of TFR-NOTAM 6/6447. As a result, law enforcement searched for, located, and observed the pilot operating the UAS. This individual was identified as Brad Keeney (KEENEY).

13.     KEENEY was interviewed by law enforcement. KEENEY admitted he piloted the small UAS, identified as a DJI Mavic Air 2 , bearing RID#0197, which was observed violating the TFR. The purpose of KEENEY's small UAS flight was to conduct a roof inspection of a residential property. KEENEY claimed he possessed a Remote Pilot Certificate (Title 14 Part 107), but it was

---

Nautical Mile (NM) radius of 29°45'08.0"N 95°21'08.0"W and 1,000 foot (FT) surface to Above-Ground-Level (AGL). TFR NOTAM 6/6447 and other TFRs are published by the FAA and are publicly accessible via https://tfr.faa.gov prior to their respective start date.

4

expired and KEENEY did not have a copy of the expired license. KEENEY did not check for airspace restrictions, and did not obtain airspace authorization before flying the small UAS. KEENEY's small UAS was not registered with FAA and did not have registration markings clearly visible on the small UAS itself. I further submit that this activity is inconsistent with the training associated with the FAA Remote Pilot Certificate program (Part 107) and/or TRUST Certificate program.

14.    Based on the observations of law enforcement and KEENEY's own admissions, it is clear that KEENEY flew the UAS in the TFR, with a flight path in the vicinity of 638 Nagel Street, Houston, TX 77003, and that the flight lasted approximately two minutes operating within TFR NOTAM 6/6447.

## CONCLUSION

15.    Based on the foregoing facts, I respectfully submit there is probable cause to believe KEENEY has violated Title 49, United States Code, Section 46307 by knowingly and willfully violating national defense airspace.

Respectfully Submitted,

Chase Mills, Special Agent
Federal Bureau of Investigation

Subscribed and sworn telephonically this 13th day of July, 2026 and I hereby find probable cause.

RICHARD W. BENNETT
United States Magistrate Judge

5